## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

---

UNITED STATES OF AMERICA                    CRIMINAL NO. 09-0300

VERSUS                                      JUDGE DONALD E. WALTER

ADRION DARON HARVEY

---

## **MEMORANDUM ORDER**

Before the Court is a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed pro se by the Defendant, Adrion Daron Harvey ("Harvey").  See Record Document 63.  Harvey argues that he is entitled to relief based upon the Supreme Court's recent decision in Rehaif v. United States, 139 S. Ct. 2191 (2019).

On November 18, 2009, Harvey was named in a three-count indictment, charging him with being a felon in a possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and with using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  See Record Document 1.  On January 15, 2010, Harvey appeared before then-presiding Judge Dee D. Drell and entered a plea of guilty to the offense charged.  See Record Document 22.  On April 16, 2010, Harvey was sentenced by Judge Drell to a total term of imprisonment of 170 months.  See Record Document 26.  Harvey did not appeal his sentencing or seek post-conviction relief.[1]  On June 21, 2019, the Supreme Court decided Rehaif v United States, 139 S. Ct. 2191 (2019).  On January 16, 2020, Harvey filed the instant motion.  See Record Document 63.

---

[1] Harvey did file a pro se motion to vacate under section 2255 on June 23, 2016.  See Record Document 38.  The Federal Public Defender, on Harvey's behalf, later filed a motion to dismiss Harvey's section 2255 motion pursuant to Federal Rule of Civil Procedure 41(a)(1).  See Record Document 45.  The motion to dismiss was granted, resulting in the motion to vacate being dismissed without prejudice.  See Record Document 46.

A one-year limitations period applies to motions brought pursuant to 28 U.S.C. § 2255.

See 28 U.S.C. § 2255(f).  This limitations period runs from the latest of four possible dates:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, Harvey's motion was filed well beyond the date on which his judgment of conviction became final.  See United States v. Plascencia, 537 F.3d 385, 387 (5th Cir. 2008) (a federal defendant's "conviction became final when the time expired to file a timely notice of appeal on direct review").  Furthermore, Harvey does not raise any argument that there was an impediment to his filing under section 2255(f)(2), or that there are newly discovered facts under section 2255(f)(4).

The sole ground for Harvey's motion is the United States Supreme Court's decision in Rehaif.  Although Harvey does not reference the timeliness of his motion, he can only proceed under section 2255(f)(3) if he filed suit within one year of the Rehaif decision.  Importantly, and lacking in this case, the Supreme Court must also have newly recognized the right upon which he relies and have made that right retroactively applicable to cases on collateral review.

In Rehaif, the Supreme Court determined that the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it" in a prosecution under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2).  Rehaif, 139 S.

2

Ct. at 2191, 2194.  Neither the Supreme Court nor the United States Court of Appeals for the Fifth

Circuit has addressed the issue of whether Rehaif was made retroactively applicable to cases on

collateral review.  However, the Eleventh, Third and Sixth Circuit Courts of Appeals, in addition

to  numerous district courts, have determined that Rehaif is not retroactively applicable to cases

on collateral review.  See In re Palacios, 931 F.3d 1314 (11th Cir. 2019).  The Eleventh Circuit

analyzed the issue in Palacios and stated:

> His claim relies solely on Rehaif, which did not announce a "new rule of
> constitutional law," but, instead, clarified that, in prosecuting an individual under
> 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2)—which provides that anyone who
> "knowingly violates" § 922(g) can be imprisoned for up to 10 years—the
> government must prove that the defendant knew he violated each of the material
> elements of § 922(g).  Rehaif, 139 S. Ct. at 2195-96 (emphasis added).  Moreover,
> even if Rehaif had announced a new rule of constitutional law, as Palacios concedes
> in his application, it was not made retroactive to cases on collateral review by the
> Supreme Court.  See Tyler v. Cain, 533 U.S. 656, 661-66, 121 S. Ct. 2478, 150
> L.Ed.2d 632 (2001).

In re Palacios, 931 F.3d at 1315.  See also In re Wright, 942 F.3d 1063, 1065 (11th Cir. 2019)

("First, Rehaif v. United States did not announce a new rule of constitutional law but rather

clarified the requirements of 18 U.S.C. §§ 922(g) and 924(a)(2) (citing Palacios).  Further, the

Supreme Court did not make Rehaif retroactive to cases on collateral review."); In re Sampson,

954 F.3d 159, 161 (3d Cir. 2020) ("First and foremost, Rehaif did not state a rule of constitutional

law at all. . . . Because Sampson has not made the required prima facie showing that his claim rests

on a new, retroactively applicable rule of constitutional law, we will deny his application to file a

second or successive motion to vacate his sentence."); Khamisi-El v. United States, 800 F. App'x

344 (6th Cir. 2020) ("The rule stated in Rehaif is a matter of statutory interpretation, not a 'new

rule of constitutional law.'" (citing Palacios)); Unites States v. Saenz, No. 00-09, 2020 WL

1321600, at *2 (S.D. Tex. Mar. 16, 2020); Baker v. United States, No. 17-CR-382, 2020 WL

1144632, at *3 (W.D. Tex. Mar. 9, 2020) (collecting cases); Moore v. United States, No. 2:19-

CV-2572, 2019 WL 4394755, at *1 (W.D. Tenn. Sept. 12, 2019); <u>Nixon v. United States</u>, No. 4:19-CV-747, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3,2019) (<u>Rehaif</u> did not announce a new rule made retroactive; it merely interpreted section 922(g)); <u>United States v. Benton</u>, No. 3:12-0118, 2020 WL 132276, at *2 (W.D. La. Jan. 9, 2020); <u>United States v. Scott</u>, No. 17-CR-23, 2020 WL 1030927, at *13 n. 86 (E.D. La. Mar. 3, 2020).

This Court agrees with the reasoning of these courts.  While Harvey filed his section 2255 motion within one year of the issuance of <u>Rehaif</u>, the Supreme Court did not announce a new rule of law and make that rule retroactive.  Therefore, Harvey's section 2255 motion is untimely.

Accordingly, **IT IS ORDERED** that the motion to vacate, set aside or correct sentence filed by Harvey (Record Document 63) is **DENIED**.

**THUS DONE AND SIGNED**, this 15th day of May, 2020.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE