# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-0300 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| ADRION DARON HARVEY | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM RULING

Before the Court are two motions to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Amendment 782 ("Amendment 782") filed by Defendant Adrion Daron Harvey ("Harvey"). Record Documents 35 & 54. The Government opposes Harvey's motions and contends Harvey is not entitled to relief. Record Document 61. For the following reasons, Harvey's motions [Record Documents 35 & 54] are **DENIED**.

On January 15, 2010, Harvey pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count One"), and using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) ("Count Two"). Record Documents 18 & 23. The Court sentenced Harvey to 110 months imprisonment as to Count One and 60 months as to Count Two, to run consecutively, for a total of 170 months. Record Document 27 at 2.[1]

---

[1] The Court also sentenced Harvey to three years of supervised release. Record Document 27 at 3. The Court revoked Harvey's supervised release and imposed a judgment on the revocation on November 9, 2023. Record Document 112.

In his instant motions, Harvey seeks relief pursuant to Amendment 782. Amendment 782 retroactively lowered the offense level of drug quantity-based offenses found in § 2D1 of the United States Sentencing Guidelines. Harvey contends he is eligible for relief because he committed a drug trafficking crime, meaning Amendment 782 lowers his Guidelines range. *See* Record Documents 35 & 54. The Government opposes Harvey's motions, arguing Harvey's crimes of conviction are firearm offenses and thus their respective offense levels were calculated using only the Guidelines provisions for firearm offenses. Record Document 61 at 1-2. Attached to the Government's opposition is a retroactivity report completed by the United States Probation Office. Record Document 61-1. The retroactivity report reiterates that Harvey is ineligible for relief under Amendment 782 because his offense level was not computed using the drug trafficking Guidelines affected by Amendment 782. *Id.*

The Court finds that Harvey is ineligible for relief under Amendment 782 because he did not plead to any drug trafficking offense and thus his offense level was not calculated based on § 2D1. Harvey's indictment does reference drug offenses. Specifically, the indictment states that Harvey used and carried a firearm during and in relation to possession with intent to distribute hydrocodone and marijuana, which qualified as a "drug trafficking crime." Record Document 18 at 2-3. However, Harvey was not charged with nor did he plead guilty to the underlying drug trafficking crime. He only pleaded guilty to the firearm offenses. *See* Record Documents 18 & 23.

Because Harvey only pleaded guilty to firearm offenses, his offense level was calculated in accordance with the Guidelines provisions for firearm offenses, not drug

offenses. The offense level for Count One was calculated based on U.S.S.G. § 2K2.1. *See* Record Document 114 at 6-7. The offense level for Count Two was calculated based on U.S.S.G. § 2K2.4. *See id.* at 8. Thus, Amendment 782—which only affected offense levels found in U.S.S.G. § 2D1.1—does not change Harvey's offense level or Guidelines range. Harvey is not eligible for relief under Amendment 782.

For the reasons assigned herein, Harvey's motions for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 [Record Documents 35 & 54] are hereby **DENIED**.

**THUS DONE AND SIGNED** this 24th day of April, 2025.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE